[Civ. No. 2586.   Second Appellate District.—October 30, 1918.]

ANNA KENGEL et al., Appellants, v. JOHN STUART
et al., Respondents.

QUIETING TITLE—JUDGMENT NOT SUPPORTED BY FINDINGS.—In this ac-
tion to quiet title to a small strip of land, lying between the hold-
ings of the plaintiffs and the defendants, a judgment in favor of the
defendants was not supported by the findings.

APPEAL from a judgment of the Superior Court of Los
Angeles County.   Willis I. Morrison, Judge.

The facts are stated in the opinion of the court.

Harry W. McNutt and Delphin M. Delmas, for Appellants.

Trusten P. Dyer and N. B. Nelson, for Respondents.

JAMES, J.—This is an appeal presented on the judgment-
roll and is taken by the plaintiffs from a judgment entered in
favor of defendants, quieting title to a small parcel of land.
It is contended that on the findings of fact made by the court
the judgment cannot be maintained.   The findings are some-
what prolix, and in some portions thereof, particularly in
paragraphs VIII, X, and XI, the land is misdescribed, the
word "east" being used twice instead of "west."   As this
misdescription is plainly an error, and as other portions of
the findings correctly state the terms of description, it may be
taken that there is no dispute in regard to that matter.

Abstracting the facts found by the court, the case may be
briefly stated: In the year 1897, one Knutson was the owner
of a rectangular plot of ground containing 5.10 acres.   On
April 24, 1897, Knutson deeded to one Tasker the "east 2
acres" of said land, and on August 8, 1904, Tasker, by same
deed description, conveyed the said two acres to defendants
here.   It will be seen, then, that after the conveyance to
Tasker there remained of the plot of ground in the ownership
of Knutson the west 3.10 acres.   However, in 1899, Knutson
conveyed to one Gresenthwaite by deed the "west 3 acres" of
the land then owned by him, and in December, 1905,
Gresenthwaite conveyed to plaintiffs, by same deed descrip-

tion, the said west three acres.  Knutson retained title to an intervening strip between the east two acres and the west three acres, consisting of .10 of an acre.  On the 26th of November, 1913, Knutson, by quitclaim deed, transferred all of his title in the entire tract of land to the plaintiffs, excepting in his deed the east two acres, which he had in 1897 transferred to Tasker.  The result of this quitclaim conveyance was *prima facie* to give title to plaintiffs in the .10 of an acre of land constituting the narrow strip lying between the easterly and westerly portions of the plot.  It is this narrow strip that is made the subject of this suit, as to which plaintiffs sue to quiet their title.  Gresenthwaite, in 1903, erected a fence on the easterly boundary of the west three acres, which fence divided the three acres from the easterly portion of land and divided the west three acres from the strip in controversy.  At the time of and prior to the purchase by the defendants of the east two acres from Tasker, defendants were told by Gresenthwaite that the fence was correctly located and marked the boundary line between the two properties.  Upon that representation the defendants relied and made their purchase from Tasker.  Defendants paid the taxes levied and assessed on the east two acres and the plaintiffs on the west 3.10 acres.  It would appear from the findings, however, that the plaintiffs did not claim the ownership of the .10 of an acre composing the strip in dispute, until after they received the quitclaim deed from Knutson in November, 1913.  This action was brought in May, 1914.  As we gather from the findings upon which judgment was entered in favor of defendants, the trial judge concluded that by reason of the statements of Gresenthwaite to defendants that the fence which he had erected was located upon the correct line of division, the plaintiffs, Gresenthwaite's successors in interest, were estopped from making any claim to the disputed strip.  The findings also recite that prior to the building of the fence the boundary line was uncertain, this finding evidently being made for the purpose of determining in favor of defendants an additional issue as to an agreed boundary line, so as to bring the case within the ruling made in *Young* v. *Blakeman,* 153 Cal. 477,. [95 Pac. 888], and *Grant's Pass Land etc. Co.* v. *Brown,* 168 Cal. 456, [143 Pac. 754].  There is no finding from which it can be deduced that Knutson in making his conveyance did not intend to reserve title to the small strip

of land to himself, or, if he did intend to convey it, as to which parcel it was intended to be attached—whether the easterly two acres or the westerly three acres. The bald fact is then apparent that neither the defendants nor the plaintiffs, prior to the making of the quitclaim deed to plaintiffs by Knutson, had any title in the strip of land, unless they had obtained it by adverse possession, which the facts as found do not show. It follows also, necessarily, that when Gresenthwaite stated that the fence which he had erected was on the boundary line, he was altogether correct in that statement, so far as the land conveyed to him was concerned, for between the fence and the westerly line there was three acres of ground, all that his deed called for. On the other hand, the defendants also obtained the two acres of land called for by their deed, exclusive of the strip in dispute. The court finds that defendants did not pay the taxes upon the strip during any of the time; hence they obtained no title by adverse possession. Under the facts set out in the findings, had Knutson continued to retain title to the strip, instead of quitclaiming to the plaintiffs, and had the defendants brought an action against Knutson to quiet title, it must be apparent that they could not have prevailed. For precisely the same reasons, they were not entitled to judgment against the plaintiffs, who had succeeded to Knutson's title in the disputed land. We have already suggested reasons why the finding as to an estoppel against the plaintiffs is not supported by the facts. At the time the alleged representations were made by Gresenthwaite as to the fence marking the correct boundary line, those statements were true; subsequently the plaintiffs obtained a deed from the true owner, which transferred title to them of the additional strip of land. Their situation as to the ownership of the disputed strip was different after they obtained the quitclaim deed than it was at the time of the making of the alleged representations.

For the reasons given, the judgment appealed from is reversed.

Conrey, P. J., and Myers, J., *pro tem.*, concurred.